## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

REBECCA WRIGHT,  )
                          Plaintiff,  )
                              )  **CIVIL ACTION**
v.  )
                              )  No. 12-1230-JWL
CAROLYN W. COLVIN,[1]  )
Acting Commissioner of Social Security,  )
                          Defendant.  )
_____ )

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision below.

**I.     Background**

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSI, alleging disability beginning August 2, 2003. (R. 11, 101-03). At the Administrative Law Judge (ALJ) hearing, Plaintiff amended her alleged onset date of disability to March 9, 2009. (R. 11, 27-28). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. Plaintiff makes only one allegation of error in the decision below. She claims the ALJ erred in his hypothetical questioning of the vocational expert by merely instructing the expert that Plaintiff's physical capabilities are reflected in Exhibit 10F rather than orally instructing the expert as to each physical limitation contained in that exhibit. She argues that therefore, there is no way to verify that the vocational expert properly considered the postural limitations regarding crouching and stooping, and that remand is necessary for proper consideration of specific physical limitations.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind

might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner

assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds no error in the ALJ's decision.

## II. Discussion

Plaintiff asserts only that it was error for the ALJ to instruct the vocational expert that Plaintiff's physical capabilities and limitations are as presented in Exhibit 10F, rather than to orally instruct the expert as to each physical limitation contained in the exhibit. She points out that the ALJ instructed the vocational expert that Plaintiff's mental limitations are as presented in Exhibit 7F and that Plaintiff's physical limitations are as presented in Exhibit 10F, but that the ALJ went on to orally state to the expert each

mental limitation contained in Exhibit 7F whereas he did not orally state the physical limitations contained in Exhibit 10F. She argues that consequently "[t]here is no way to verify or validate that the postural restrictions [(regarding stooping and crouching)] have been properly considered." (Pl. Br. 15). Plaintiff asserts that the ALJ's failure to orally state the physical limitations to the vocational expert was prejudicial to Plaintiff because "there is no independent verification that Plaintiff's postural restrictions . . . had been considered at all!" Id. at 16. Plaintiff cites Social Security Ruling (SSR) 96-8p for the proposition that all relevant record evidence must be considered, and "argues that not all of the evidence has been considered" in this case, because the ALJ did not orally inform the vocational expert of each physical limitation contained in Exhibit 10F.

At the hearing, the ALJ had the following colloquy with the vocational expert regarding the mental and physical limitations of the hypothetical individual:

> Q      For my first hypothetical question, I want you to assume you're dealing with an individual who is currently fortyfive years old who has an eighth grade education, same past work experience as the claimant. I want to you to assume further I find this individual has the exertional and non-exertional limitations that are [set] forth in the exhibit marked C-7F, excuse me, that's-
>
> A      10F.
>
> Q      Yeah, 10F of the physical RFC and C-7F is the mental RFC, are you familiar with those documents?
>
> A      Yes sir.
>
> Q      The 7F had marked limitations in the ability to understand and remember detailed instructions, carry out detailed instructions, to work in coordination in proximity to others without being distracted

> by them, ability to interact appropriately with the general public and
> also the ability to set realistic goals to make plans independent of
> others, should be able to work at a simple job, unskilled job defined
> as being an SVP of 1 or 2 job, that does not require extensive
> independent planning or dealing with the public on more than
> occasional basis.

(R. 39). From this exchange, it is clear that the vocational expert was aware of the physical limitations presented in Exhibit 10F. The expert specifically stated that he was familiar with that exhibit. Moreover, when the ALJ paused to verify the second exhibit that he wanted to include in his hypothetical question, it was the expert who suggested that 10F was the exhibit for which the ALJ was searching. Although it is also clear that the ALJ restated the mental limitations contained in exhibit 7F and did not restate the physical limitations contained in exhibit 10F, Plaintiff points to no authority for the proposition that an ALJ may not rely on a vocational expert who states that he is familiar with the contents of a particular exhibit. Moreover, the court is aware of no such authority. In fact, the court is aware that it is a frequent occurrence in adjudicative hearings that a testifying expert will be asked for an opinion based upon familiarity with a particular exhibit without the examiner or the court stating the contents of the exhibit upon which the testimony is based. Plaintiff has shown no error in the ALJ's failure to state the physical limitations expressed in exhibit 10F.

Plaintiff's argument that there is no independent verification that Plaintiff's postural restrictions had been considered, is belied by two factors present in this case. First, as Plaintiff admits, exhibit 10F indicates that Plaintiff is able to frequently balance,

6

kneel, crouch, and crawl, but only occasionally to climb or to stoop (R. 329), and the vocational expert stated that he was familiar with that exhibit before he responded to the ALJ's hypothetical question based upon it. Second, and perhaps more importantly, Plaintiff was represented by legal counsel at the hearing (R. 24, 26), and counsel could have confirmed on cross-examination that the expert was aware of the postural limitations contained in exhibit 10F and had included those limitations in his response to the hypothetical question, but counsel specifically declined to question the expert after his testimony in response to the ALJ's hypothetical question. (R. 41). Plaintiff has shown no error in the decision or in the proceedings below.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision below.

Dated this 16th day of December 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**